1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                         DISTRICT OF NEVADA

7                                * * *

8   RANDALL S. TODD, et al.              Case No. 2:12-cv-00995-MMD-GWF

9                        Plaintiffs,

10        v.                                           ORDER

11  BANK OF AMERICA, N.A., et al.,          (Motion to Dismiss – dkt. no. 13)

12                        Defendants.

13        Before the Court is Defendants Bank of America, N.A. ("Bank of America") and

14  ReconTrust Company, N.A.'s ("ReconTrust") Motion to Dismiss.  (Dkt. no. 13.)  For the

15  reasons stated below, the Motion is granted.

16  **I.    BACKGROUND**

17        On or about September 23, 2005, Plaintiffs made, executed, and delivered to

18  Countrywide Home Loans, Inc. an Adjustable Rate Note, in favor of Countrywide, in the

19  original principal sum of $378,000 ("the Note").  To secure payment of the Note, on or

20  about September 23, 2005, Plaintiffs executed and delivered to Countrywide a Deed of

21  Trust on the real property located at 6484 Gazania Street, Las Vegas, Nevada, 89131-

22  2770 ("Property").  The Deed was recorded with the Clark County Recorder on October

23  3, 2005.[1]   (Dkt. no. 13-1.)   The Deed of Trust designates Mortgage Electronic

24  Registration Systems, Inc. ("MERS") as beneficiary.  (Dkt. no. 13-1 at 3.)  It designates

25  ReconTrust as the trustee.  (*Id.*)

26  _____

27        [1]The Court takes judicial notice of attached copies of relevant publicly recorded
    documents. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d
28  861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state
    agencies and other undisputed matters of public record under Fed. R. Evid. 201).

1      On or about July 26, 2011, MERS executed an Assignment of Deed of Trust in

2 favor of BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP

3 ("BAC").   The Assignment of Deed of Trust was recorded with the Clark County

4 Recorder on July 28, 2011.  (Dkt. no. 13-2.)

5      On or about May 9, 2012, BAC executed a Corporation Assignment of Deed of

6 Trust in Nevada in favor of U.S. Bank National Association as a Trustee for Citigroup

7 Mortgage Loan Trust Inc., which was recorded with the Clark County Recorder on May

8 11, 2012.  (Dkt. no. 13-3.)

9      Plaintiffs have defaulted on the terms of the Note.  On or about August 29, 2011,

10 ReconTrust commenced foreclosure proceedings.  It recorded a Notice of

11 Default/Election to Sell under the Deed of Trust with the Clark County Recorder on

12 August 31, 2011.  (Dkt. no. 13-4.)

13      Plaintiffs elected to participate in the Nevada Foreclosure Mediation Program.  On

14 or about April 25, 2012, the Nevada Mediation Foreclosure Program issued a Certificate.

15 The Certificate noted that although a mediation was held on February 7, 2012, the

16 parties were unable to resolve the matter, and the beneficiary could proceed with the

17 foreclosure process.  (Dkt. no. 13-5 at 2.)

18      Plaintiff filed a Complaint in the Eighth Judicial District for Clark County, Nevada,

19 on May 24, 2012.  (Dkt. no. 3 at 5-17.)  Plaintiffs' Complaint states seven causes of

20 action, including wrongful foreclosure, violation of the Truth in Lending Act ("TILA"),[2]

21 fraud in the inducement, and violation of the Nevada Unfair Claims Practices Act.

22 Defendants timely removed.  (Dkt. no. 1.)  Defendants now move to dismiss all causes of

23 action.  (Dkt. no. 13.)

24 ///

25 _____

26     [2]The second, fifth, and sixth claims for relief in the Complaint are for alleged
violations of TILA.  These causes of action also reference, though do not specifically list,

27 violations of the Real Estate Settlement Procedures Act ("RESPA") and the Equal Credit
Opportunity Act ("ECOA").  The Court therefore addresses whether Plaintiffs can state a

28 claim under any of these statutes.

II.   **DISCUSSION**

A.   **Legal Standard**

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

B.   **Defective Foreclosure**[3]

Nevada law provides that a Deed of Trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020. Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. NRS § 107.080(2)(c).

---

[3]Plaintiffs do not call their cause of action "defective foreclosure," but a review of the Complaint demonstrates that Plaintiffs are alleging that Defendants cannot foreclose on their Property, which must be construed as a defective foreclosure claim to make it cognizable. Further, in their Response Brief, Plaintiffs allege that Defendants violated NRS § 107.020, strongly indicating that they are in fact bringing a cause of action for defective foreclosure. (*See* dkt. no. 15 at 3.)

1       The procedures for conducting a trustee's foreclosure sale are set forth in NRS §

2   107.080.  To commence a foreclosure, the beneficiary, the successor in interest of the

3   beneficiary, or the trustee must execute and record a notice of default and election to

4   sell.  NRS § 107.080(2)(c).  A copy of the notice of default and election to sell must be

5   mailed by registered mail or certified mail with return receipt requested.  *Id.* at §

6   107.080(3).  The trustee or other person authorized to make the sale must wait at least

7   three months after recording the notice of default and election to sell before the sale may

8   proceed.  *Id.* at § 107.080(2)(d).  After the three month period, the trustee must give

9   notice of the time and place of the sale to each trustor by personal service or by mailing

10  the notice by registered or certified mail to the last known address of the trustor.  *Id.* at §

11  107.080(4)(a).  Under NRS § 107.080(5), a "sale made pursuant to this section may be

12  declared void by any court of competent jurisdiction in the county where the sale took

13  place if . . . [t]he trustee or other person authorized to make the sale does not

14  substantially comply with the provisions of this section."  *Id.* at § 107.080(5)(a).  A

15  nominee on a Deed of Trust has the authority, as an agent, to act on behalf of the holder

16  of the promissory note and execute a substitution of trustees.  *Gomez v. Countrywide

17  Bank, FSB*, No. 2:09-cv-01489, 2009 WL 3617650, at *1 (D. Nev. Oct. 26, 2009).  As

18  long as the note is in default and the foreclosing trustee is either the original trustee or

19  has been substituted by the holder of the note or the holder's nominee, there is no defect

20  in the Nevada foreclosure.  *Id.* at *2.

21      In this case, the proper entities foreclosed on the Property in the proper order.

22  MERS assigned the deed of trust to BAC on July 26, 2011.  (Dkt. no. 13-2.)  On May 9,

23  2012, BAC assigned the deed of trust to Citigroup.  (Dkt. no. 13-3.)  Before the

24  assignment to Citigroup, Plaintiffs defaulted under the Note.  The non-judicial foreclosure

25  process began.  On August 31, 2011, ReconTrust, the original trustee, recorded a notice

26  of default.  (Dkt. no. 13-4.)  This is key, and defeats Plaintiffs' arguments regarding

27  wrongful foreclosure, because the original trustee and the foreclosing trustee are one

28  and the same.  *See Gomez*, 2009 WL 3617650, at *2.

For these reasons, Plaintiff's' defective foreclosure claim is dismissed against all Defendants.

**C.    TILA**

**1.    Rescission**

TILA requires creditors to disclose certain information about the terms of a particular loan to the prospective borrower. *See e.g.*, 15 U.S.C. §§ 1631-32, 1638; 12 C.F.R. § 226.17. The rescission remedy that the statute provides is limited by a three-year statute of limitations.  15 U.S.C. § 1635(f). This provision "completely extinguishes the right of rescission at the end of the 3 year period." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).  Plaintiffs concede this remedy is not available to them because of the statute of limitations.  (Dkt. no. 15 at 6.)  Therefore, Plaintiffs' TILA cause of action as it relates to their request for rescission under the statute is dismissed.

**2.    Damages**

TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit terms."  15 U.S.C. § 1601(a).  A request for any damages under TILA is subject to a one year statute of limitations, typically running from the date of the occurrence of the violation. 15 U.S.C. § 1640(e).  Plaintiffs admit that their TILA damages claim falls outside the statute of limitations, but argue that equitable tolling saves their claim.

The doctrine of equitable tolling extends the statutory period only where, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  Equitable tolling "focuses on whether there was excusable delay by the plaintiff," and "does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing." *Id.* The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the non-disclosure at the time of loan consumption. *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).

///

In most foreclosure cases, equitable tolling cannot apply since plaintiffs possess all information relevant to the discovery of any non-disclosures at the time the loan documents. *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Thus, where a plaintiff has all the necessary information to be aware of potential TILA violations at the time the documents are signed, the statute of limitations begins to run. *See id.*

Here, Plaintiffs allege that Defendants made certain misrepresentations about their loan documents.  However, though this alleged misrepresentation may have created a cognizable TILA cause of action were Plaintiffs' claims not time-barred, it does not provide grounds for equitable tolling.  Plaintiffs have not alleged circumstances beyond their control that prevented them from obtaining truthful information regarding their loan documents.  Moreover, Plaintiffs fail to demonstrate that they took "all due diligence" to obtain the vital information relating to their potential claim.  *See Santa Maria*, 202 F.3d at 1178.

Plaintiffs' claim for TILA damages is accordingly dismissed.

### 3.     Regulation Z

TILA and its implementing regulation, Regulation Z, are designed to protect consumers in credit transactions.  Further, they require that certain disclosures be given to a borrower by the lender at the time the loan is made. *See* 15 U.S.C. § 1601 et seq.

Plaintiffs allege that Defendants violated Federal Reserve Regulation Z by failing to provide material, accurate disclosures in the loan documents and failing to disclose the proper amount financed.

Violations of TILA, as well as Regulation Z, are subject to a one-year statute of limitations for damages claims. 15 U.S.C. § 1640(e). The limitations period generally commences at the loan's origination.  *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Though this limitations period may be equitably tolled under proper circumstances, those circumstances are not present here for the reasons described above.  *See* Part II(C)(2).

1  Plaintiffs' claim that Defendants violated the requirements of Regulation Z is

2  accordingly dismissed.

3  **D.      Real Estate Settlement Procedures Act ("RESPA")**

4  To the extent Plaintiffs allege violation of the Real Estate Settlement Procedures

5  Act (RESPA) under 12 U.S.C. § 2604, this claim fails.  Courts addressing the question

6  agree that 12 U.S.C. § 2604 does not confer a private right of action.  *See Duke v. H & R*

7  *Block Bank*, No. 10-cv-01927, 2011 WL 1060656, at *4 (D. Colo. Mar. 8, 2011) (RESPA

8  §§ 2603-2604 "outline the disclosures which lenders must provide borrowers, but they do

9  not create a private cause of action against mortgage lenders who fail to make such

10  disclosures"); *Agbabiaka v. HSBC Bank USA Nat'l Ass'n.*, No. 09-05583, 2010 WL

11  1609974, at *4 (N.D. Cal. Apr. 20, 2010) ("There is no private right of action under

12  RESPA for violations of Sections 2603 and 2604."); *Dalton v. Countrywide Home Loans,*

13  *Inc.*, 828 F. Supp. 2d 1242, 1249-50 (D. Colo. 2011) ("Plaintiff acknowledges that

14  Sections 2603 and 2604, 12 U.S.C., of RESPA do not expressly provide for a private

15  right of action but argues that this Court should nonetheless find that one exists

16  *notwithstanding authority to the contrary*. . . . This [the court] declines to do.") (emphasis

17  added)).

18  **E.      Equal Credit Opportunity Act ("ECOA")**

19  "Section 1691 [of ECOA] provides that it is unlawful for any creditor to

20  discriminate against any applicant with respect to any aspect of a credit transaction on

21  the basis of race, color, religion, national origin, sex or marital status, or age."  *Hafiz v.*

22  *Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1044 (N.D. Cal. 2009).

23  Defendants correctly point out that Plaintiffs do not meet the *Iqbal* pleading

24  standard on this claim, as no allegations in their Complaint relate to discriminatory

25  actions on the part of Defendants during the lending process.

26  Moreover, ECOA claims are barred by a two-year statute of limitations.  *See* 15

27  U.S.C. § 1691e(f).  The two-year period runs from the date in which Plaintiffs obtain their

28  ///

loan, which here was September 23, 2005.  *See GreenPoint*, 633 F. Supp. 2d at 929.

Plaintiffs do not demonstrate why equitable tolling should apply to this claim.

Accordingly, Plaintiffs' ECOA claim is dismissed.

### F.      Fraud in the Inducement

In order to state a claim for fraud in the inducement, a plaintiff must show that the defendant knowingly made a false representation with the intent to induce the plaintiff to consent to the contract's formation.  *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis*, Inc., 89 P.3d 1009, 1017 (Nev. 2004).  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To meet the heightened pleading requirements, a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999).  In a case with multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud*." Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir.2007) (internal quotation marks and citation omitted).

Contrary to Plaintiffs' assertions, their Complaint fails to plead fraud with particularity.  The Complaint lumps Defendants together (*see* dkt. no. 3 at ¶¶ 40-47), and does not specify the time, place, or contents of the misrepresentation (*see id.*).

As both parties note, fraud claims are subject to a three-year statute of limitations in Nevada.  NRS § 11.190(3)(d).  However, "the cause of action in such a case shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake."  *Id.*  Plaintiffs assert that they did not discover the alleged fraud until they spoke with an attorney about their rights, which they state occurred within the statutorily-required period of time.  (Dkt. no. 15 at 10.)  Defendants do not provide argument regarding when Plaintiffs discovered facts constituting the alleged fraud. Plaintiffs' fraud in the inducement claim is accordingly dismissed without prejudice.

1        **G.**     **Nevada Unfair Lending Practices Act ("ULPA")**

2        Plaintiffs allege Defendants violated Nevada's Unfair Lending Practices Statute,

3    NRS § 598D.100.  This statute prohibits lenders from making loans "without determining,

4    using commercially reasonable means or mechanisms, that the borrower has the ability

5    to repay the home loan."  NRS § 598D.100(1)(b).

6        Plaintiffs acknowledge that the three-year statute of limitations to bring a claim

7    under ULPA has expired.  *See* NRS § 11.190(3)(a).  Plaintiffs reference their same

8    equitable tolling arguments described above.  As discussed, Plaintiffs' tardiness in filing

9    this lawsuit is not excused by the doctrine of equitable tolling under the circumstances

10   surrounding this case.  Plaintiffs' ULPA claim is accordingly dismissed.

11       Plaintiffs request they be granted the opportunity to amend their Complaint to

12   properly plead their ULPA cause of action.  However, as this cause of action is time-

13   barred, this request is denied.

14   **III.**    **CONCLUSION**

15       IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is GRANTED.

16   IT IS FURTHER ORDERED that Plaintiffs' Complaint is DISMISSED WITH PREJUDICE,

17   except as it relates to their fraud in the inducement claim, which is DISMISSED

18   WITHOUT PREJUDICE.

19       DATED THIS 6th day of November 2012.

20

21                                   _____

22                   MIRANDA M. DU
                       UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28